UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EVANSTON INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SUMMIT FINANCIAL CORPORATION and TIMOTHY DOHERTY,<br><br>Defendants. | Civil Action<br>No. |

**05-10742 RCL**

## COMPLAINT FOR DECLARATORY JUDGMENT

### Introduction

1. This is an action under Massachusetts G.L. c. 231A for a declaration determining the respective rights, duties and obligations of the parties under a contract of insurance. Evanston Insurance Company ("Evanston") issued a policy to Summit Financial Corporation ("Summit") which provides coverage for liability arising out of "professional services" rendered by Summit as an employee benefit plan consultant, but excludes liability for any claim involving the insolvency or financial inability to pay any employee benefit plan. Summit and its employee Timothy Doherty seek coverage under this policy for a third-party complaint filed by Jeanne Bryant in her capacity as the court-appointed fiduciary of the Service and Business Workers of America Local 125 Benefit Fund (the "Fund"), an employee welfare plan offering health and dental insurance coverage. The third-party complaint alleges that the actions of the third party defendants have caused or contributed to the insolvency of the Fund. An actual controversy has

arisen among the parties regarding whether Evanston has any obligation to defend or indemnify Summit and Doherty.

## Parties

2. Plaintiff Evanston Insurance Company ("Evanston") is an insurance company duly organized under the laws of the State of Illinois.

3. Defendant Summit Financial Corporation (" Summit") is an Massachusetts Corporation with a principal place of business in Lexington, Middlesex County, Massachusetts.

4. Defendant Timothy Doherty is an individual residing in Massachusetts, and is a principal of defendant Summit.

## Jurisdiction and Venue

5. Jurisdiction is based upon 28 U.S.C. § 1332, in that the amount in controversy exceeds $75,000 and the controversy is between citizens of different states.

6. Venue is proper under 28 U.S.C. § 1391, as defendants reside in this judicial district, the insurance policy was issued to Summit in this judicial district, and the defendants are subject to personal jurisdiction in this judicial district.

## The Policy

7. Evanston Insurance Company issued Policy Number EO-816008 to Summit Financial Corporation/Summit Financial Insurance Agency, Inc. for the policy period from July 1, 2003 to July 1, 2004, with a retroactive date of July 1, 1995 (the "Policy").

8. The Policy provides claims made professional liability coverage with limits of $1,000,000 and a $10,000 deductible.

9. The Policy's coverage grant, as amended by Endorsement No. 2, provides:

> Professional liability and Claims Made Clause: To pay on behalf of the Insured all sums in excess of the deductible amount stated in the Declarations which the Insured shall become legally obligated to pay as damages as a result of CLAIMS FIRST MADE AGAINST THE INSURED DURING THE POLICY PERIOD by reason of any error or omission in professional services rendered or that should have been rendered by the Insured or by any person for whose errors or omissions the Insured is legally responsible, and arising out of the conduct of the Insured's profession as an actuary, actuarial consultant, employee benefit plan administrator and/or consultant and related insurance agents' services, professional claims administrator, and/or fiduciary of any employee benefit plan or a client;
>
> PROVIDED ALWAYS THAT such error or omission happens:
>
> (a) during the policy period; or
>
> (b) subsequent to the Retroactive Date specified in the Declarations, provided that prior to the effective date of this policy the Insured had no knowledge of circumstances, involving such error or omission, which may result in a claim under this policy.

10. Insureds under the Policy include:

(b) any employee of the Named Insured or predecessor firm as designated in Item 2 of the Declarations solely while acting in their professional capacity on behalf of the said firms;

11. The Policy includes the following definitions:

> Employee benefit plan means, whenever used in this policy, group life, accident, health and disability benefits insurance, pension plans, profit sharing plans, employee stock subscription plans, employee travel, vacation and savings plan and workers' compensation plans.
>
> Damages means, whenever used in the policy, compensatory damages, settlements, and awards provided always that Damages shall not include: (a) matters which are uninsurable under the law pursuant to which the policy shall be construed; (b) punitive damages and any multiplication,

including trebling, of damages; (c) fines, penalties imposed by law or taxes, other than the civil penalties imposed upon any of the Insureds as a fiduciary under section 502(i) or section 502(l) of the Employee Retirement Income Security Act of 1974, or its amendments; or (d) the restitution of consideration and expenses paid to the Insured for services or goods arising from acts deemed uninsurable by law.

12. The Policy contains the following exclusions, among others, providing that the policy does not apply:

(a) to any claim based upon or arising out of any dishonest, deliberately fraudulent, malicious or knowingly wrongful act or omission committed by or at the direction of the Insured. However, notwithstanding the foregoing, the Company shall provide a defense for such claim without any liability on the part of the Company to pay such sums as the Insured shall become legally obligated to pay as damages.

(m) to any claim based upon, arising out of, due to or involving, directly or indirectly, the insolvency, receivership, bankruptcy, liquidation or financial inability to pay of any pension, profit sharing, health and welfare or other employee benefit plan or trust;

(q) to any claim based upon or arising out of the Insured gaining any personal profit or advantage to which the Insured is not legally entitled;

(u) to any claim based upon or arising out of, due to or involving directly or indirectly the insolvency, receivership, bankruptcy, liquidation or financial inability to pay, or any insurance company in which the Insured has placed or obtained coverage for a client or an account.

### The Lawsuit

13. A complaint was filed on October 7, 2002 in the United States District Court For the District of Southern Florida, West Palm Beach Division, C.A. No. 02-CV-80945, by the Secretary of Labor against Service and Business Workers of America Local 125 (the "Union"), the Union's Benefit Fund, an employee welfare plan offering health and dental insurance coverage (the "Plan"), various Union officials and Plan

- 4 -

trustees, as well as the Plan's marketing and collections agent and a Union business agent.

14. The third-party plaintiff, Jeanne Bryant, was appointed as independent fiduciary of the Plan by the court on October 8, 2002, and was "specifically charged with maximizing the funds available to pay claims against the Plan and to pursue causes of action and effect recoveries on behalf of the Plan."

15. A third-party complaint was filed on January 5, 2004 and served on the insureds in January of 2004.

16. The third-party complaint identifies Summit Financial Corporation ("Summit") as "an insurance benefits consultant materially involved in the Plan engaging United International Insurance Co., Ltd. as an insurer for the Plan's members and/or associate members."

17. The third-party complaint groups Summit and Timothy Doherty, identified in the complaint as "a principal and/or employee at Summit," among the "United Defendants," defined as defendants affiliated with United International Ins. Co., Ltd. ("United").

18. The third-party complaint alleges that the Union was a front created to market health insurance to individuals at reduced rates.

19. The third-party complaint alleges that the Union and the Plan trustees and administrator caused or permitted the improper diversion of Plan assets, causing the Plan to become insolvent and millions of dollars of health claims to go unpaid.

20. The third-party complaint alleges that Union business agents allowed Plan participants to join the Union regardless of whether or not they were employed and of whether collective bargaining agreements or other union activities were involved.

21. The third-party complaint alleges that this resulted in a skewed population for the Plan with Plan participants of higher risk than one providing coverage to a bona fide Union.

22. The third-party complaint alleges that the Plan hired Windsor Benefit Consultants ("Windsor") in 2001 to shift participants from a self-funded program to a fully-insured program, and that Windsor advised the Plan to engage United as its fully insured carrier.

23. The third-party complaint alleges that the United Defendants, including Summit and Doherty, "recommended and/or were materially involved in the recommendation, of United" to Harold Broglio, the President of the Union and a trustee of the Plan, and "received compensation from Plan funds, either directly or indirectly, due to their involvement in having United, ostensibly, provide coverage to the Plan."

24. The third-party complaint alleges that millions of dollars in premiums were paid by the Plan to United and the other United Defendants, and that these defendants, including Summit and Doherty, knew or should have known that the Union was a sham and the Plan was a multiple employer welfare arrangement ("MEWA") under ERISA.

25. The third-party complaint alleges that United never actually paid any claims, was not an authorized insurance carrier in the U.S., and was an unlicensed off-shore company.

26. The third-party complaint alleges that the Plan lacked sufficient assets to pay claims.

27. The third-party complaint alleges that the Court ordered the termination of the Plan in October 2002 at the request of the Department of Labor.

27. The third-party complaint asserts claims for violations of RICO, 18 U.S.C. § 1962, negligent misrepresentation, breach of contract, aiding and abetting and conspiracy, negligence, and unjust enrichment against Summit and Doherty as United Defendants, based upon their alleged role in causing the Plan to enter into the arrangement with United.

## COUNT I

28. Evanston realleges and incorporates herein the allegations of paragraphs 1-27.

29. Evanston has no duty to defend or indemnify Summit or Doherty in connection with the claims in the third party complaint.

30. An actual controversy has arisen among the parties concerning their respective rights and obligations under the Evanston Policy.

31. The allegations in the third- party complaint are claims based upon, arising out of, due to or involving, directly or indirectly, the insolvency, receivership,

bankruptcy, liquidation or financial inability to pay of any pension, profit sharing, health and welfare or other employee benefit plan or trust.

32. The allegations in the third-party complaint are claims based upon or arising out of, due to or involving directly or indirectly the insolvency, receivership, bankruptcy, liquidation or financial inability to pay, of an insurance company in which the Insured has placed or obtained coverage for a client or an account

33. The allegations in the third-party complaint are, in whole or part, claims based upon or arising out of the Insured gaining a personal profit or advantage to which the Insured is not legally entitled.

34. The allegations in the third-party complaint are, in whole or part, claims based upon or arising out of a dishonest, deliberately fraudulent, malicious or knowingly wrongful act or omission committed by or at the direction of the Insured

35. The plaintiff has no obligation to defend or indemnify the defendants to the extent the Insureds had knowledge before the policy's effective date of circumstances involving the alleged error or omission which might result in a claim under the policy.

36. The plaintiff has no obligation to defend or indemnify the defendants to the extent the Insureds made material misrepresentations in their application for insurance.

37. The plaintiff has no obligation to defend or indemnify the defendants to the extent they are held liable for punitive damages.

38. The plaintiff has no obligation to defend or indemnify the defendants to the extent the complaint fails to state a claim for "professional services" as defined in the policy.

WHEREFORE, Evanston requests the Court to enter judgment declaring that Evanston has no obligation to defend or indemnify Summit or Doherty in connection with the claims in the third party complaint.

EVANSTON INSURANCE COMPANY,

By its attorneys,

Steven L. Schreckinger (BBO #447100)
Harvey Nosowitz (BBO #556966)
PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA 02199
(617) 239-0100

Dated: April 13, 2005

# CIVIL COVER SHEET

05-10742 RCL

JS 44
(Rev. 3/99)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Evanston Ins. Co.

## DEFENDANTS
Summit Financial Corp. and Timothy Doherty

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Illinois
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   Middlesex, MA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS** (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

ATTORNEYS (IF KNOWN)
Harvey Nosowitz
Palmer & Dodge, 111 Huntington Ave, Boston, MA 02199

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | FEDERAL TAX SUITS | |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | ☐ 871 IRS — Third Party 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Diversity - 28 U.S.C. Sec. 1332 - Declaratory judgment of rights and obligations under insurance policy

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ YES   ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE N/A   DOCKET NUMBER N/A

DATE 4/13/05

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __Evanston Insurance Company v. Summit Financial Corp.__

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.         for patent, trademark or copyright cases

   _X_ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

   **05 - 10742 RCL**

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.
   N/A

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES ___   NO _X_

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
   YES ___   NO _X_
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES ___   NO _X_

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
   YES ___   NO _X_

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
   _X_ YES   NO ___

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
      EASTERN DIVISION _X_   CENTRAL DIVISION ___   WESTERN DIVISION ___

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
      EASTERN DIVISION   CENTRAL DIVISION   WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Harvey Nosowitz__
ADDRESS __Palmer & Dodge LLP, 111 Huntington Avenue, Boston, MA 02199__
TELEPHONE NO. __(617) 239-0100__

(Cover sheet local.wpd - 11/27/00)